**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Ramiro PELAYO–JIMENEZ,**
**Defendant—Appellant.**

**No. 00–10519.**
**D.C. No. CR–99–01568–RCC.**

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 3, 2001.[*]

Decided Sept. 9, 2002.

Before KOZINSKI, RYMER and SILVERMAN, Circuit Judges.

SUPPLEMENTAL MEMORANDUM [**]

By memorandum disposition dated December 18, 2001, we deferred resolution of Pelayo–Jimenez's claim that his sentence was unconstitutional under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) pending *en banc*

resolution of *United States v. Buckland,* No. 99–30285. This court issued a decision in *Buckland* on January 18, 2002, reported at 277 F.3d 1173 (9th Cir.), *amended and superseded,* 289 F.3d 558 (9th Cir.2002), and we now turn to Pelayo–Jimenez's remaining arguments.

Pelayo–Jimenez first argues that 21 U.S.C. §§ 841(b) and 960(b) are facially unconstitutional. The argument that 21 U.S.C. § 841 is facially unconstitutional was rejected in *Buckland,* 289 F.3d at 563–68. The argument that *Apprendi* rendered 21 U.S.C. § 960 facially unconstitutional was rejected in *United States v. Mendoza–Paz,* 286 F.3d 1104, 1109–10 (9th Cir.2002).

Pelayo–Jimenez next argues that, because the jury was not instructed that Pelayo–Jimenez must have "knowingly" transported the quantity and type of drugs for which he was convicted, his sentence under 21 U.S.C. §§ 841 and 960 is unconstitutional under *Apprendi.* However, the sentence actually imposed, 37 months, did not exceed the 60 month statutory maximum for his single conviction of an undetermined amount of marijuana. Because the sentence imposed did not exceed the statutory maximum, there was no *Apprendi* violation. *See United States v. Romero,* 282 F.3d 683, 690 (9th Cir.2002).

AFFIRMED.

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.